FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jul 11, 2019

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DENNIS WAYNE RIOJAS,<br><br>             Plaintiff,<br><br>v.<br><br>JEFFERY UTTECHT,<br><br>             Defendant. | NO: 2:18-CV-122-RMP<br><br>ORDER DENYING PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS |

BEFORE THE COURT is a Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by Dennis Wayne Riojas. *See* ECF No. 6. Having reviewed the petition, Respondent Jeffery Uttecht's Answer and Memorandum of Authorities, the state court record, and Petitioner's reply, as well as the relevant law, the Court is fully informed.

## BACKGROUND

**A. Statement of Facts**

Around 2:30 p.m. on May 31, 2013, Petitioner, driving a van, approached Jessie Collie, who was walking along a street in Othello, Washington. ECF No. 9-1 at 39. A witness heard Petitioner and Collie talking to each other. She heard Collie

ORDER DENYING PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS ~ 1

say something to the effect of, "I heard you were looking for me." *Id.* She heard Petitioner respond with "something like[,] 'yes I was you mother fucker[.]'" *Id.* The witness saw Petitioner shoot Jessie Collie. *Id.* The bullet entered Collie's back and exited his chest. *Id.* at 40. The impact broke Collie's rib and punctured his lung. *Id.* Collie survived.

**B. Procedural History**

The State of Washington, in Adams County Superior Court, charged Petitioner with first degree assault, with a deadly weapon enhancement, and unlawful possession of a firearm. *See* ECF No. 9-1 at 5, 109, 136. After initially pleading not guilty, Petitioner entered a guilty plea to first degree assault, pursuant to a plea agreement with the State, on October 20, 2014. *See id.* at 43−52. The State and Petitioner stipulated that the prosecuting attorney would recommend to the sentencing judge "an exceptional (mitigating) sentence below the standard range of eighty-nine (89) months, standard court costs and fees, no-contact with the victim, restitution to be determined," and further "agreed not to file Bail Jumping and/or Unlawful Possession of Firearm[.]" *Id.* at 46.

At the time Petitioner changed his plea, he confirmed that he understood that the standard sentence range for his offense was 138 to 184 months. *Id.* at 44. Petitioner also confirmed his understanding that the court was not obligated to follow anyone's recommendation as to the sentence and was required to impose a sentence within the standard range unless, in the case of an exceptional sentence

ORDER DENYING PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS ~ 2

below the standard range, the court found mitigating circumstances that supported that exceptional sentence. *Id.* at 46.

At the sentencing hearing on October 27, 2014, the prosecutor recommended "an exceptional sentence below the standard range for eighty-nine months" because of the mitigating factors that the State had set forth in its trial brief. ECF No. 9-1 at 175. The mitigating factors included: the victim, Collie, had a "long track record of criminal behavior"; Collie had instigated a fight with Petitioner six or seven months before the shooting that had amounted to an assault of Petitioner; and Collie was armed with metal knuckles at the time that Petitioner shot him. *Id.* at 176. The prosecutor further orally informed the sentencing court that the State did not agree with defense that the crime was an act of self-defense; rather the prosecutor viewed the act as revenge for the previous assault. *Id.* at 175.

The sentencing court found:

> Jesse . . . Collie wasn't the most sympathetic victim this Court has ever seen. But that doesn't change the fact that the defendant[,] who was not supposed to be in possession of a firearm with prior felony convictions, and had an opportunity to avoid Mr. Collie but instead circled around the block and stopped in the middle of the road, waited for Mr. Collie to approach him and then put a bullet through his lung.
>
> This case was attempted murder. The facts of the case show nothing less than attempted murder. I can't justify going under the range in this case. Mr. Riojas earned his points. He has multiple felony convictions. The only mitigating factor here, and I don't know if it's a proper mitigating factor, he's apparently been involved with raising a bunch of very loving, respectful, well-spoken children. And though that's not a crime-related factor it does show me that he

> has done something right in his life and that's the only reason I would [sic] go for the high end of the standard range in this case . . . .

ECF No. 9-1 at 34−35.

The court imposed a sentence of 138 months, the low end of the standard range. ECF No. 9-1 at 34−35, 155. The court also dismissed the deadly weapon enhancement and unlawful possession charge. *See id.* at 155.

Petitioner filed a direct appeal on the issue of the sentencing court's imposition of legal financial obligations, DNA collection fees, and the DNA sample. The Washington Court of Appeals, Division III, remanded the case to the trial court for a resentencing on the limited issue of discretionary legal financial obligations, resulting in an amended judgment entered on April 18, 2016. *See* ECF No. 9-1 at 205.

Petitioner then pursued collateral relief on the issue that Petitioner raises in his habeas petition through a timely-filed personal restraint petition, which the Washington Court of Appeals, Division III, dismissed. *Id.* at 298. The Washington Supreme Court subsequently denied discretionary review of that dismissal. *Id.* at 356.

## ANALYSIS

### A. Exhaustion and Federal Jurisdiction

Before a state prisoner may be granted federal habeas relief, the prisoner must first exhaust all state remedies. *See* 28 U.S.C. § 2254(b)(1); *see also O'Sullivan v.*

*Boerckel*, 526 U.S. 838, 842 (1999). A prisoner exhausts state remedies by "giv[ing] the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845. It is unnecessary for a prisoner "to ask the state for collateral relief, based on the same evidence and issues already decided by direct review." *Id.* at 844 (quoting *Brown v. Allen*, 344 U.S. 443, 447 (1953)).

Respondent's Answer acknowledges that Petitioner "fairly presented his claims to the Washington Supreme Court in his motion for discretionary review and has therefore exhausted state remedies in accordance with 28 U.S.C. § 2254(b)." ECF No. 8 at 5. Petitioner presented the same claims he raises in his habeas petition in his Motion for Discretionary Review by the Washington Supreme Court. ECF No. 9-1 at 314. The exhaustion requirement has been satisfied, and this Court has jurisdiction to review the amended petition on its merits.

**B. Evidentiary Hearing**

A district court may rule on a habeas petition without an evidentiary hearing if the "issues [] can be resolved by reference to the state court record." *Campbell v. Wood*, 18 F.3d 662, 679 (9th Cir. 1994). Here, the state court record is sufficient to resolve Petitioner's claim without a hearing.

**C. Standard of Review**

The Antiterrorism and Effective Death Penalty Act ("AEDPA") (PL 104-132) substantially amended 28 U.S.C. § 2241 *et seq.* and governs review of habeas

ORDER DENYING PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS ~ 5

petitions filed after April 24, 1996. *See Miller-El v. Cockrell*, 537 U.S. 322, 326 (2003); *Chein v. Shumsky*, 373 F.3d 978, 983 (9th Cir. 2004). Under AEDPA, a district court looks to the final ruling of the highest state court and presumes the state court's factual findings are correct. *Miller-El*, 537 U.S. at 340. The petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). Here, the Court presumes that the Washington Supreme Court Commissioner's findings in the Ruling Denying Review, ECF No. 9-1 at 356−58 (Exhibit 18), are correct.

Furthermore, the scope of this Court's review is limited to deciding whether Petitioner's 2014 conviction for first degree assault was entered in violation of the federal constitution or laws. 28 U.S.C. §§ 2241(c)(3), 2254(a). A federal court may not grant relief on any claim that was adjudicated on the merits in a state court proceeding, unless the adjudication resulted in either (1) "a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States"; or (2) "a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

**D. Discussion**

Petitioner asserts that the prosecutor, "with voluntary and unsolicited comments contradicted and undercut the recommendation with statements indicating a preference for a harsher sentence." ECF No. 13 at 4. Petitioner expands that, at

the sentencing stage, the prosecutor breached the plea agreement by referring to potential aggravating factors and by disputing defense counsel's self-defense theory. ECF No. 13 at 5−7. The State responds that the Washington appellate courts properly concluded that the prosecutor upheld the parties' plea agreement by recommending an 89-month sentence. ECF No. 8 at 11. The State continues that "the agreement did not implicitly obligate the prosecutor to endorse Riojas's particular description of the events or his self-defense theory." *Id.*

The Court agrees with Petitioner that the federal constitutional law relevant to the plea agreement issue he raises has been clearly established. "[D]ue process rights conferred by the federal constitution allow [a defendant] to enforce the terms of [his] plea agreement." *Brown v. Poole*, 337 F.3d 1155, 1159 (9th Cir. 2003). Moreover, the United States Supreme Court has ruled that promises made by prosecutors in consideration for a defendant's guilty plea must be fulfilled as a matter of due process under the Fourteenth Amendment to the United States Constitution. *Santobello v. New York*, 404 U.S. 257, 262 (1971).

When a federal court reviews a state sentence and construes and interprets a state-court plea agreement to determine the obligations that it imposes on the parties, the court applies, "within broad bounds of reasonableness, . . . state law." *Ricketts v. Adamson*, 483 U.S. 1, 5, n. 3 (1987). Washington State adheres to the "real facts doctrine," which "'requires sentences be based upon the defendant's current conviction, his criminal history, and the circumstances of the crime.'" *State v.*

ORDER DENYING PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS ~ 7

*Morreira*, 107 Wn. App. 450, 458 (Wash. Ct. App. 2001) (quoting *State v. Coats*, 84 Wn. App. 623, 626 (1997)).

The prosecutor in this matter recommended an exceptional sentence of 89 months, which was forty-nine months less than the low end of the standard range. However, the trial court, considering the factors prescribed by the real facts doctrine, rejected the recommended exceptional sentence and imposed a low end standard range sentence of 138 months. ECF No. 9-1 at 34−35. The record does not support that the plea agreement restricted the prosecutor from responding to Petitioner's assertion of self-defense or from offering "unsolicited and voluntary" comments on potential aggravating factors in the case, as Petitioner characterizes the prosecutor's remarks. *See* ECF No. 13 at 8. Moreover, as Petitioner acknowledged when he entered his guilty plea, the sentencing court remained obligated to impose a standard range sentence unless the court itself found mitigating circumstances that supported that exceptional sentence. *See* ECF No. 9-1 at 46. The sentencing court's articulation of the basis for the Petitioner's sentence stated reasons independent of the prosecutor's "revenge" comment with which Petitioner takes issue. *See id.* at 34−35. Therefore, the Court finds no basis for finding a breach of the plea agreement.

Accordingly, the Court finds nothing in the record to support that the state appellate court's adjudication of this issue was contrary to, or an unreasonable application of, established Supreme Court authority, or was an unreasonable

ORDER DENYING PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS ~ 8

determination of the facts in light of the evidence presented.  *See* 28 U.S.C. § 2254(d)(1)−(2).

**IT IS HEREBY ORDERED**:

1. Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, **ECF No. 6**, is **DENIED**.

2. The Petition is **DISMISSED WITH PREJUDICE**.

3. **JUDGMENT** shall be entered for the Respondent.

4. All pending motions are **DENIED AS MOOT**.

**IT IS SO ORDERED**.  The District Court Clerk is directed to enter this Order, enter judgment as directed, provide copies to Petitioner at his last known address and to counsel, and **close the file**.  The Court further certifies that pursuant to 28 U.S.C. § 1915(a)(3), an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability.  28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

**DATED** July 11, 2019.

                          *s/ Rosanna Malouf Peterson*
                        ROSANNA MALOUF PETERSON
                            United States District Judge